■ DAVID E. FLATOW, Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [624 NYS2d 832] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about May 13, 1994, affirmed for the reasons stated by Schoenfeld, J., with costs and disbursements. Concur —Ellerin, Kupferman and Williams, JJ.

Murphy, P. J., and Tom, J., dissent in a memorandum by Murphy, P. J., as follows: I would reverse and vacate the injunction, on equitable terms that restore the parties to the *status quo ante.*

The majority and the motion court misconstrue the nature and effect of the settlement agreement, the terms of which are clear on its face. There is no basis for a preliminary injunction. Respondent cannot show a likelihood of success on the merits; nor is there any threat of irreparable injury. Thus, the injunction was improvidently granted.

Under the terms of the settlement agreement respondent absolutely and irrevocably assigned his two life insurance policies to appellant and agreed to pay to appellant an amount equal to the annual premiums until the policies were paid up in full by their terms.

The settlement agreement is silent as to the treatment of dividends and paid-up additions, but this has no legal significance. Dividends and paid-up additions are incidents of ownership that accrue to appellant as *owner* and were irrevocably assigned to appellant. Respondent retained no right whatsoever to recoup the additional value created by the paid-up additions or to direct that the dividends be applied to reduce the duration of his obligation to pay an amount equal to the annual premium until the policies by their terms are fully paid up. This conclusion is further supported by the fact that, under the terms of the agreement, appellant could at any time surrender the policies for their then current cash value, and respondent's obligation to pay the amount equal to the premium would continue until the policies would have been fully paid. Respondent having explicitly retained no right to direct the payment of dividends to premium or to recoup the paid-up additions, these rights were assigned to appellant.

Upon vacatur of the injunction, respondent should have the opportunity to cure his default before appellant is permitted

to enter the confession of judgment permitted under the settlement agreement.